**MING HUA ZHENG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 04–5416–ag.

United States Court of Appeals, Second Circuit.

Jan. 11, 2007.

G. Victoria Calle, Calle & Lee, LLP, New York, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, R.D. Evans, Jr., Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ming Hua Zheng, a native and citizen of the People's Republic of China, seeks review of a September 13, 2004 order of the BIA affirming the July 29, 2003 decision of Immigration Judge ("IJ") Robert Weisel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Hua Zheng,* No. A79 425 097 (B.I.A. Sept. 13, 2004), *aff'g* No. A79 425 097 (Immig. Ct. N.Y. City July 29, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms, then supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility finding. The core of Zheng's asylum claim centered around an alleged incident where Zheng was beaten by police officers for publicly posting a list

of grievances against the Chinese government in the center of town. But Zheng did not make any reference to either the beating or expressing his political views in this manner in his initial airport interview, his credible fear interview, or his asylum application. Nor did any of the letters Zheng submitted, including one from his mother, mention this beating. The IJ could reasonably find Zheng's explanation that he did not mention these details because he was scared less than plausible since he used that same explanation to account for the omissions in his asylum application, which was prepared with the assistance of counsel in the privacy of his attorney's office. Because this incident formed the basis of Zheng's claim, the inconsistencies regarding this incident among Zheng's asylum interviews, I–589 application, and hearing testimony constitute sufficient evidence supporting the IJ's adverse credibility finding. Finally, because Zheng has not raised any meaningful challenge to the BIA's denial of CAT relief, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.